UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| CARR GOTTSTEIN PROPERTIES, L.P., an Alaska limited partnership,<br>Plaintiff,<br><br>v.<br><br>SERITAGE GROWTH PROPERTIES, L.P., a Delaware limited partnership,<br>SERITAGE GROWTH PROPERTIES, a Maryland investment trust,<br>SEARS, ROEBUCK and CO., a New York corporation, and<br>SEARS HOLDING CORPORATION, a Delaware corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff, Carr Gottstein Properties, an Alaska limited partnership ("CGP"), for its complaint against Defendants, Seritage Growth Properties, a Delaware limited partnership, Seritage Growth Properties, a Maryland investment trust (collectively "Seritage"), Sears, Roebuck and Co., a New York Corporation ("Sears"), and Sears Holding Corporation, a Delaware corporation ("SHC"), alleges as follows:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3
Case 3:15-cv-00100-RRB    Document 1    Filed 06/23/15    Page 1 of 16

## I. SUMMARY

1. CGP and Sears are the developers and owners of The Mall at Sears (referred to below as "the Mall"), in Anchorage, Alaska. Sears is a wholly owned subsidiary of SHC. Carrs Food Center, Inc., an Alaska corporation, and J.B. Gottstein and Co., Inc., an Alaska corporation (collectively referred to below as "the Developers") entered into an agreement with Sears in approximately 1966 to develop a shopping center in Anchorage, Alaska, with a Sears store as the mall's anchor tenant and a Carrs store as the other anchor. The property that was the subject of the joint venture is an approximately 20-acre parcel at the intersection of Northern Lights Boulevard and Seward Highway that Sears acquired the right to develop under a long-term ground lease. Pursuant to the terms of the parties' agreement, Sears retained the eastern portion of the property to build and operate a Sears store, and the Developers subleased the western portion of the property from Sears to build an enclosed shopping mall attached to and with direct access to the Sears and Carrs stores. The Developers' sublease is referred to below as the "Sears Lease." *See* Sears Lease, Exhibit A to Complaint.

2. In 1966, prior to commencing development of the Mall, CGP and Sears entered into a "Declaration and Establishment of Restrictions and Covenants Affecting Land" (the "Declaration"), Exhibit B to Complaint, which is recorded in Miscellaneous Book 131, page 173, in the Anchorage Recording District, Third Judicial District, State of Alaska. The Declaration applies to the "land," which is defined as the entire 20-acre parcel that was leased by Sears, including the portion of the property retained by Sears for construction of the Sears store and the portion of the property subleased to the Developers for construction of the attached mall and the Carrs store. Declaration at ¶ 1(a)-(c).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 2
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

3. The Declaration established a plan for the development and improvement of the property and defines areas of the land that are subject to non-exclusive use as a "common area" including, without limitation, "motor vehicle parking areas, roadways, walkways, malls, landscaped areas, and other such facilities," *id.* at ¶ 1(f), and sets forth certain restrictions and covenants on development, use, and maintenance of the common areas. Among other restrictions, the Declaration provides that "[n]one of the common areas shall be used for commercial purposes by any party, tenant, or lessee, except in accordance with rules and regulations adopted as provided herein." *Id.* at ¶ 5(c).

4. On June 10, 2015, Seritage filed a Prospectus with the Securities and Exchange Commission ("SEC") pursuant to SEC Rule 424(b)(3) announcing the issuance of subscription rights to holders of Sears Holdings Corporation common stock and others to purchase shares of stock in Seritage Growth Properties. *See* Seritage Growth Properties Prospectus, Exhibit C to Complaint. The subscription rights will expire on July 2, 2015.

5. The Prospectus announces Seritage's plans to acquire 235 properties from SHC, in addition to a 50 percent interest in certain joint ventures that are owned by SHC (the "acquired properties"). Prospectus at 1-4. Following this transaction, Seritage plans to manage the acquired properties as a real estate investment trust. *Id.* at 1.

6. The properties to be acquired by Seritage include the Sears store at The Mall at Sears in Anchorage, Alaska. *Id.* at 94, 106. The Prospectus indicates that, as part of the transaction, Seritage will lease a substantial majority of the space in the acquired properties back to SHC under a master lease agreement (the "Master Lease"). *Id.* at 1-4, 105-06, 128-30. Seritage has not filed a copy of the Master Lease with the SEC, so CGP relies, for purposes of this

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 3
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 3 of 16

Complaint, on Seritage's representations about the Master Lease that are contained in the Prospectus.

7. In addition, the Master Lease provides Seritage with the right to recapture up to 50% of the space within the Sears stores located at the acquired properties, in addition to all of any automotive care centers which are freestanding or attached as "appendages" to the stores, and all outparcels or outlots, as well as certain portions of parking areas and common areas, at the acquired properties. *Id.* Seritage plans to recapture this space and then reconfigure and rent the recaptured space to third-party tenants who will operate retail stores and other businesses. *Id.*

8. The transaction also provides Seritage the right to recapture 100% of the space within Sears stores located at each of 21 identified acquired properties. *Id.* at 94. The 21 identified acquired properties include the Sears store at The Mall at Sears in Anchorage, Alaska. *Id.*

9. CGP brings this action for injunctive and declaratory relief to prevent SHC, Sears and Seritage from entering into any agreements that purport to confer rights which, if exercised, would violate the Declaration, including making physical alterations to the land that would violate the restrictions and covenants on development, use, and maintenance of common areas established in the Declaration.

10. CGP's concern that Sears and Seritage may enter into an agreement that violates the restrictions and covenants in the Declaration is not hypothetical. In 2013, Sears entered into a sublease with Nordstrom Rack for a portion of the Sears' property in a manner that violates the restrictions and covenants in the Declaration. Unlike the former Sears store, the Nordstrom Rack store does not open directly into the Mall. It opens only to the parking lot, thereby compromising the access of other stores in the Mall to Nordstrom Rack patrons. In addition, in building out the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 4
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.3    Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 4 of 16

Nordstrom Rack store space, Sears demolished and eliminated pedestrian walkways and parking areas that comprised "common areas" under the Declaration. Stated simply, Sears converted common areas into commercial space in violation of the Declaration. Sears converted common areas into commercial space by constructing an expansion of their building, a loading dock, a depressed access driveway, a retaining wall, and a trash enclosure in common areas and then leased these areas to Nordstrom Rack in a manner that violates the Declaration and compromises the economics of the rest of the Mall and the stores operated by other Mall tenants. Seritage's Registration Statement makes it clear that it intends to continue and expand this practice.

## II. PARTIES

11. <u>Plaintiff.</u> Carr Gottstein Properties is an Alaska limited partnership, with its principal place of business in Anchorage, Alaska. CGP is the successor in interest to Carr Gottstein Properties, an Alaska general partnership, which is the successor in interest to Carr's Food Center, Inc., an Alaska corporation, and J.B. Gottstein and Co., Inc., an Alaska corporation. CGP, therefore, is the successor in interest to Carrs Food Center, Inc. and J.B. Gottstein and Co., Inc.

12. <u>Defendants.</u>

   a. Defendant Seritage Growth Properties is a Maryland investment trust, with its principal place of business in Hoffman Estates, Illinois. Seritage Growth Properties can be served with process by serving its registered agent: The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

   b. Defendant Seritage Growth Properties, L.P., is a Delaware limited partnership, with its principal place of business in Hoffman Estates, Illinois. Seritage Growth

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 5
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8588.9  Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 5 of 16

Properties, L.P., can be served with process by serving its registered agent: The Corporation Trust Company: Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

c. Defendant Sears, Roebuck and Co. is a corporation organized under the laws of New York, with a principal place of business in Hoffman Estates, Illinois. Sears can be served with process by serving its registered agent: CT Corporation System; 9360 Glacier Hwy, Suite 202, Juneau, AK 99801.

d. Defendant Sears Holdings Corporation is a corporation organized under the laws of the State of Delaware, with a principal place of business in Hoffman Estates, Illinois. SHC can be served with process by serving its registered agent: The Corporation Trust Company; Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse. This Court has jurisdiction to grant the injunctive and declaratory relief sought herein pursuant to 28 U.S.C. § 2201.

14. CGP is an Alaska limited partnership, with its principal place of business in Anchorage, Alaska. Defendant Seritage Growth Properties is a Maryland investment trust, with its principal place of business in Hoffman Estates, Illinois. Defendant Seritage Growth Properties, L.P., is a Delaware limited partnership, with a principal place of business in Hoffman Estates, Illinois. Defendant Sears, Roebuck and Co. is a New York corporation with its principal place of business in Hoffman Estates, Illinois. Defendant Sears Holdings Corporation is a Delaware

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 6
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-6348.2 Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 6 of 16

corporation with its principal place of business in Hoffman Estates, Illinois. Accordingly, there exists complete diversity of citizenship between the parties.

15. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.

16. Venue is appropriate in the District of Alaska under 28 U.S.C. § 1391(b) because the property that is the subject of the action is situated in this district.

## IV. FACTS

17. The property that is the subject of this action is an approximately 20-acre parcel at the intersection of Northern Lights Boulevard and Seward Highway that Sears acquired the right to develop under a long-term ground lease from Chester P. Lampert. Sears subsequently acquired the fee title to the Property in 1997. Pursuant to the terms of the Sears Lease, Sears subleased to the Developers approximately 8.28 acres on the west side of the Property ("Parcel B"), and retained the remainder of the Property ("Parcel A"). *See* Sears Lease at ¶¶ 3, 12.

18. The Declaration memorializing the parties' plan for the development and improvement of the shopping mall was executed contemporaneously with the Sears Lease in 1966. Declaration at 1. The Declaration sets forth the parties' agreement for the development, use, and maintenance of common areas. The Declaration defines "common area," as, without limitation, "motor vehicle parking areas, roadways, walkways, malls, landscaped areas, and other such facilities," Declaration at ¶ 1(f), and provides that "[n]one of the common areas shall be used for commercial purposes by any party, tenant, or lessee, except in accordance with rules and regulations adopted as provided herein, *id.* at ¶ 5(c).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 7
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3  Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 7 of 16

19. In addition to defining common areas, the Declaration establishes certain setback lines and non-exclusive easements on the Property. *Id.* at ¶ 4(a). For example, the Declaration establishes Setback Line No. 1 as running the length of Parcel A along the northern border of the proposed location of the Sears store. *See id.* at ¶¶ 1(d), 2(a) and Exhibit A to the Declaration. The Declaration provides that:

> No building, structure or improvement of any kind shall be constructed, installed and maintained above the surface of the ground area lying between Setback Line No. 1 and the southerly line of Northern Lights Boulevard . . . or within over common areas, unless such building, structure or improvement is constructed, installed and maintained in conformance with the improvement plans provided in Section 6 hereof. . . .

Declaration at ¶ 2(b).

20. The Declaration also establishes a non-exclusive easement for "ingress and egress, parking of motor vehicles and other incidental uses as shown on improvement plans on, over and across such part of the real property within the Shopping Center as lies . . . [b]etween Setback Line No. 1 and the southerly line of Northern Lights Boulevard." *Id.* at ¶ 4(a)(1).

21. After setting forth and defining common areas, setback lines, and non-exclusive easements on the Property, Paragraph 5 of the Declaration provides rules and regulations for the use and maintenance of common areas. In relevant part, the Declaration provides:

> (a) Subject to the rules and regulations adopted for the use of such areas as provided in this instrument, **all easements provided [in the Declaration] for and with respect to the use of the common areas in the Shopping Center shall, in each instance, be non-exclusive and for the use and benefit of the parties hereto** and, to the extent any such party may see fit to grant the same, for the use and benefit of other persons who are permittees as defined in Section 1(e) hereof.
>
> (b) **The common areas, upon completion of the improvement of such areas, may be jointly managed, controlled and operated by the parties for their mutual benefit** as provided in Section 15.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 8
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.3  Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 8 of 16

> (c) **Sears and Developer shall have the general possession and control of all common areas of the Shopping Center** and such parties jointly or individually may, at any time and from time to time, remove, exclude and restrain any person from the use or occupancy thereof excepting bona fide permittees who make use of such areas in accordance with the rules and regulations established from time to time for such use as provided in this instrument. If unauthorized use is being made of any such common areas, any of the parties may also restrain or terminate such unauthorized use by appropriate proceedings.
>
> **None of the common areas shall be used for commercial purposes by any party, tenant, or lessee, except in accordance with rules and regulations adopted as provided herein.**
>
> (d) **In the operation of the common areas, the parties from time to time shall adopt rules and regulations pertaining to the use of all common areas by the permittees of the Shopping Center** which may include the validation of customer parking tickets, provided that all such rules and regulations and other matters affecting the users of the common areas shall apply equally and without discrimination to all permittees of the Shopping Center. **Such rules and regulations shall provide, in part, as follows:**
>
>> (1) **None of the motor vehicle parking areas, roadways, walkways or other areas for common use shall be used for any purpose other than those provided herein;** . . .

Emphasis added.

22. The Declaration sets forth the parties' improvement plans for the development of parking and other common areas on the property at Paragraph 6, and provides that "upon the written approval of such improvement plans, change may be made therein only upon the written agreement of the parties at the time of the execution of such amendment." Declaration at ¶¶ 1(g), 8.

23. Following the execution of the Sears Lease and the Declaration, the parties built out the shopping center, known as The Mall at Sears, as contemplated by their agreements. As originally constructed, the Sears store was approximately 120,000 square feet, and was located entirely to the south of Setback Line No. 1 with an interior entrance on the east side of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 9
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3 Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 9 of 16

building from the attached mall, and an exterior entrance on the west side of the building. *See* Attachment A to the Declaration (showing Setback Line No. 1). The original Sears store had pedestrian walkways on each side of the building, save for the portion of the building on the southwest side where the commercial loading zone was located. This design allowed for easy pedestrian access from the Sears store into the attached mall either through the interior entryway or along the pedestrian walkways around the Sears building.

24. Paragraph 4(c) of the Declaration permits Sears to expand its retail store under the following conditions:

> Within the areas of Parcel A, over which specific easements for common use are not applicable, Sears from time to time shall have the right to designate, withdraw and redesignate as commercial areas such areas as it shall select from time to time provided the total area (including total floor area of multiple story buildings) to be used for commercial purposes within Parcel A at any one time shall not exceed 155,000 square feet and ground areas shall not exceed 125,000 square feet. All areas not used for commercial purposes shall be used for the parking of motor vehicles and other common purposes.

25. In 1995, Sears requested to withdraw a portion of the common area in Parcel A so that Sears could expand its retail store. The Developers agreed, and the parties executed a Second Amendment to Declaration of Establishment of Restrictions and Covenants Affecting Land (the "Second Amendment to Declaration") that memorialized CGP's approval of the Sears expansion. Second Amendment to Declaration, Exhibit D to Complaint. The expansion added an additional 30,000 square feet of retail space to the north side of the Sears store, rendering the total ground area of the store an approximate 152,057 square feet. The pedestrian walkways and parking areas adjacent to the north side of the Sears store that were removed for construction of the expansion were replaced with new pedestrian walkways and parking around the expanded store, maintaining

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 10
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3   Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 10 of 16

the same unimpeded flow of pedestrian and vehicle traffic around the exterior of the mall as had existed prior to the Sears' expansion.

26. In 2001, the parties again entered into an agreement to convert common area into commercial space by expanding the building footprint. Third Amendment to Sears Lease, Exhibit E to Complaint. In the Third Amendment to Sears Lease, Sears gave consent for CGP to withdraw and re-designate a portion of the common area in Parcel B for a proposed expansion of the Safeway store located at the west end of the Mall pursuant to Paragraph 4(d) of the Declaration. Third Amendment to Sears Lease at ¶ 6. Sears agreed to the expansion under the condition that:

> [CGP] covenants to Sears that [CGP's] execution of, and performance under, the Safeway Expansion Plans will comply with all requirements set forth in the Declaration and Lease. Sears consents to withdrawal and re-designation of common areas, provided: (i) a minimum ratio of 2.2 square feet of gross parking area for each additional square foot of commercial area within Parcel B is maintained; (ii) [CGP] complies with all applicable parking code requirements..., and (iii) all construction performed by [CGP] in connection with the Safeway Expansion Plan, shall conform with all requirements set forth in the Declaration and the Lease as amended herein.

*Id.* at ¶ 6.

27. Paragraph 4(d) of the Declaration provides:
> Within the areas of Parcel B, over which specific easements for common use are not applicable, Developer shall have the right from time to time to designate, withdraw and re-designate as commercial areas such areas as it shall select provided a minimum ratio is maintained of not less than 2.2 square feet of gross parking area for each square foot of commercial area.

28. The Third Amendment to the Sears Lease also provides CGP's consent to Sears' further expansion of its retail store under Paragraph 4(c) of the Declaration as follows:
> [CGP] consents to and approves of Sears' exercise of its rights under section 4(c) of the Declaration. Sears may expand the store or out onto an out lot **in accordance with section 4(c) of the Declaration** at any time after the date hereof, and such expansion rights shall not be limited by the maximum dimension

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 11
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

requirements of section 4(c) of the Declaration. [CGP] has, at the request of Sears, undertaken an investigation of the potential expansion potential of the Mall after the Safeway Expansion and under the site conditions, local rules and applicable codes in effect as of June 1, 2001. [CGP] represents to Sears the following facts as the result of its investigation: that under the above-stated circumstances, Sears can expand up to 26,500 square feet of floor space, above that floor space in existence on June 1, 2001, after considering the Safeway Expansion, **provided such expansion is done on the second floor or does not otherwise reduce the number of existing parking stalls.**

*Id.* at ¶ 11 (emphasis added).

29. On October 30, 2013, Sears sent a letter to CGP seeking consent under the Declaration for a proposal to divide the Sears store into multiple retail spaces in order to sublease a portion of the premises to other retail outlets, including the Nordstrom Rack.

30. CGP responded by letter dated November 11, 2013, and objected to Sears proposal due to proposed changes to common areas, including impairment of vehicular and pedestrian access arising from the loss of parking against the building and the loss of pedestrian access along the side of the building, the impairment to vehicular access resulting from delivery truck movements, the addition of enclosed commercial area in common area, the loss of direct access into anchor tenant premises from the West, and the conversion of space such that it no longer has access from the Mall.

31. CGP attempted to resolve the matter amicably with Sears, going so far as to hire a design firm to create an alternate site plan that would address CGP's concerns and make provision for the Nordstrom Rack store in a manner that would comply with the parties' agreements. However, after several months of discussion, the parties were unable to reach an agreement. Despite the lack of CGP's consent, Sears unilaterally proceeded with the non-compliant Nordstrom Rack expansion in violation of the Declaration and over CGP's express objections.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 12
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 12 of 16

32. The Nordstrom Rack development converted existing common area to commercial use by demolishing and eliminating pedestrian walkways and parking areas and by constructing a depressed access driveway, a retaining wall, a trash enclosure and an expansion of the building for an enclosed loading dock in common areas. In addition, unlike the former Sears store, the Nordstrom Rack store does not open directly into the Mall, thereby compromising the access of other stores in the Mall to Nordstrom Rack patrons.

33. CGP has learned, through the Prospectus filed by Seritage, that Sears intends to again violate the Declaration, this time by selling the Sears property at The Mall at Sears to Seritage in a transaction that purports to allow Seritage to further reconfigure the Sears store and common areas in order to rent the property to third-parties, who may or may not be retail stores. Specifically, the Master Lease purports to give Seritage the right to recapture 100% of the Sears store at the Mall at Sears, along with free-standing or attached "appendages," and all outparcels or outlots, as well as certain portions of parking areas and common areas, and reconfigure those spaces to be leased to new tenants. Registration Statement at 1-4, 94, 128-30. These terms of the Master Lease violate the Declaration by eliminating the existing connection between the Sears store space and the existing mall, allowing conversion of common area protected by the Declaration into commercial use, allowing changes to exterior building surfaces, parking and common areas, and allowing uses other than those specified in the Declaration.

34. Due to the immediate threat that SHC will direct its wholly owned subsidiary, Sears, to sell the Sears store at The Mall at Sears to Seritage under conditions that call for a leaseback of the property under a Master Lease with terms that explicitly permit Seritage to engage in conduct that violates the Declaration, CGP moves for injunctive relief from this Court pursuant to Paragraph 19 of the Declaration, which provides:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 13
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3    Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 13 of 16

> In the event of any violation or threatened violation by any party, lessee or occupant of any part of the Shopping Center of any of the terms, covenants and conditions herein provided, any of the parties shall have the right to enjoin such violation or threatened violation in a court of competent jurisdiction.

## V. CAUSE OF ACTION – DECLARATORY JUDGMENT

35. CGP realleges and incorporates by reference the allegations in Paragraphs 1-34 above.

36. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court has authority to issue a declaration of the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

37. A justifiable controversy exists between CGP and the Defendants as to the parties' rights and obligations under the Declaration of Establishment of Restrictions and Covenants Affecting Land as amended.

38. CGP contends that Sears may not proceed with its plan to authorize Seritage to recapture up to 100% of the Sears store at The Mall at Sears and lease the property to third-parties without first obtaining the consent of CGP under the Declaration because the Master Lease purports to allow Seritage to convert parking areas, sidewalks, and other common areas to commercial use and otherwise violates the Declaration.

39. CGP seeks a declaration from this Court that the Declaration requires Sears and Seritage to obtain the consent of CGP prior to recapturing, leasing, or reconfiguring any portion of the common area as defined in the Declaration.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 14
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 14 of 16

40. In the absence of a declaration of rights under the Declaration, CGP will suffer economic damages in the form of loss of value to its property, loss of business to mall tenants, and the loss of goodwill of mall shoppers.

## VI. INJUNCTIVE RELIEF

41. CGP realleges and incorporates by reference herein the allegations in Paragraph 1-40 above.

42. CGP seeks a preliminary and permanent injunction pursuant to Paragraph 19 of the Declaration prohibiting SHC and Sears from selling the Sears store at The Mall at Sears to Seritage under terms that will result in the leaseback of the store to SHC under a Master Lease that purports to give Seritage rights that Sears does not have and which violate the Declaration. CGP will suffer irreparable damages if Sears is permitted to move forward with the sale and leaseback. The proposed Seritage Master Lease will result in conversion of common spaces to commercial use including vehicular and pedestrian access, the impairment of vehicular access to the mall, the potential addition of enclosed commercial area in common area, and the conversion of space in the anchor tenant building such that it can no longer be accessed from within the Mall.

43. CGP has raised substantial and serious questions about whether the proposed sale of the Sears property to Seritage and the leaseback of the property under the proposed Master Lease to SHC are permitted under the restrictions and covenants on common area development, use and maintenance established in the Declaration.

## VII. REQUEST FOR RELIEF

CGP requests that judgment be entered in its favor as follows:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 15
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548 v3

Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 15 of 16

44. For a final judgment declaring that Sears is required to obtain the consent of CGP and amend the Declaration prior to entering into a sale and leaseback agreement that allows removal or alteration of common areas of the property in violation of the Declaration.

45. For an injunction prohibiting SHC from entering into a sale agreement and Master Lease with Seritage until Sears obtains the consent of CGP and an amendment of the Declaration.

46. For an award of attorneys' fees and costs as authorized by law; and

47. For such other and further relief as the Court deems just and equitable.

DATED this 22nd day of June, 2015.

SUMMIT LAW GROUP PLLC
*Attorneys for Plaintiff*

By *[signature: Sara Kelly]*

Jeffrey M. Feldman
Alaska Bar No. 7505029
jefff@summitlaw.com

Sara A. Kelly
Washington State Bar No. 42409
*Pro hac vice application to be filed*
sarak@summitlaw.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 16
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4818-4108-8548.v3

Case 3:15-cv-00100-RRB   Document 1   Filed 06/23/15   Page 16 of 16