Joseph L. Reece, ABA #8111123
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd. Ste. 1100
Anchorage, AK 99503-3985
Phone: (907) 257-5300
josephreece@dwt.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARR GOTTSTEIN PROPERTIES, L.P.,<br>an Alaska limited partnership,<br><br>                Plaintiff,<br>                   v.<br>SERITAGE GROWTH PROPERTIES, L.P.,<br>a Delaware limited partnership,<br>SERITAGE GROWTH PROPERTIES,<br>a Maryland investment trust,<br>SEARS, ROEBUCK and CO.,<br>a New York corporation, and<br>SEARS HOLDING CORPORATION,<br>a Delaware corporation,<br><br>                Defendants | Case No. 3:15-cv-00100-RRB<br><br>**MOTION TO DISMISS** |

Defendants Sears, Roebuck and Co. ("Sears"), Sears Holding Corporation, and Seritage Growth Properties, L.P., Seritage Growth Properties (the Seritage entities collectively "Seritage"), by and through counsel, submit this memorandum of law in

support of their motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

All of plaintiff's claims rest on the mistaken premise that the sale and leaseback of the Sears Store at the Mall at Sears in Anchorage (along with hundreds of other properties owned by Sears[1]) will somehow result in a violation of the Declaration that governs the relationship between the parties with regard to the property on which the Mall at Sears is located (the "Declaration", a copy of which is attached as Exhibit B to the Complaint). Specifically, the complaint alleges that the proposed transaction will result in a lease-back of the property to Sears Holding Corporation under the terms of a Master Lease that gives Seritage Growth Properties the right to "recapture" certain portions of the property and then reconfigure and lease those portions to other tenants.

The complaint speculates that this right to recapture, reconfigure and lease portions of the property could result in actions that would violate the terms of the Declaration. The complaint bases this speculation that Seritage would violate the terms of the Declaration on an allegation that Sears, a different entity, violated the terms of the Declaration in the past. The plaintiff does not allege that the proposed transaction it seeks to enjoin would itself violate the Declaration or any other agreements that govern the relationship between it and the defendants – it alleges only that the proposed transaction grants Seritage rights that <u>could</u> theoretically be used in a way that would violate the Declaration if Seritage disregarded the requirements of the recorded

---

[1] Complaint, Paragraph 5.

Motion to Dismiss  Page 2 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 2 of 8

Declaration. As such, the plaintiff supplies no facts that could state a claim for relief that is plausible on its face, as required by *Bell Atl Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and its progeny, and the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

Moreover, the plaintiff's allegations that the earlier actions of Sears violated the Declaration are irrelevant to the allegations about the potential future actions of Seritage. Thus even the premise on which plaintiff relies in speculating that Seritage would use its lease rights in a way that would violate the Declaration is irrelevant, resulting in an argument that is doubly defective.

Finally, Anchorage Shopping Center, LLC, a Delaware LLC, ("ASC"), not Carr Gottstein Properties, L.P., appears on the face of the documents provided by the plaintiff to be the real party in interest. The plaintiff should be required to provide documentation of its status, if it is somehow the successor in interest to ASC, or to join or substitute ASC as plaintiff, or have the complaint dismissed under FRCP 17(a)(3).

## II. FACTS

The Mall at Sears (the "Mall") is a shopping center connected to a Sears store (the "Sears Store") as an anchor on the east side of the shopping center. The Mall consists of a Safeway store as an anchor on the west side, and an enclosed mall with a number of smaller establishments between the two anchor stores. Sears leased the real property on which the Safeway store and Mall are located to a developer in 1966 for development of a mall (the "Lease")[2]. ASC is the successor lessee to the developer under the ground lease. The Indenture of Lease is attached as Exhibit A to the Complaint, and the second

---

[2] Complaint, Paragraph 1.

Motion to Dismiss  Page 3 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P.*, Case No. 3:15-cv-000100-RBB
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 3 of 8

and third amendments to the Lease are attached as Exhibits D and E. Carr-Gottstein Properties, L.P. ("Carr Gottstein"), the plaintiff in this action, has acted on behalf of ASC in communications with Sears (Complaint, ¶¶ 26-31), but there is no indication that the plaintiff has succeeded to ASC's interest in the property.

In 2001, Sears and ASC entered into the Third Amendment to the Lease, granting ASC the right to expand the Safeway store at the west end of the Mall, and granting Sears the right to expand its store. Complaint, ¶ 26. Sears has recently subleased certain space in the Sears premises to Nordstrom Rack, with a small expansion for a loading dock. It has now completed the improvements for the sublease to Nordstrom Rack.

In 2015, in a completely separate transaction, Sears entered into a sale/leaseback transaction for hundreds of its properties across the country, of which one was the Sears Store in Anchorage. That transaction has now closed.

### III. ANALYSIS

1. <u>The Complaint fails to state a claim upon which relief may be granted</u>.

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 557). Although a court must accept factual allegations contained in the complaint as true, the court should not assume the truth of plaintiff's legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

Motion to Dismiss                                                                                           Page 4 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 4 of 8

statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.*

In this case, the Complaint does not even allege that the proposed transaction would violate the plaintiff's rights, much less make factual allegations to support the legal claims. The Complaint states "CGP brings this action for injunctive and declaratory relief to prevent SHC, Sears and Seritage from entering into any agreements that purport to confer rights which, <u>if exercised, would violate the Declaration</u>..." Complaint, ¶ 9 (emphasis added). There is no allegation that the proposed transaction or Master Lease would itself violate any agreement between plaintiff and any of the defendants, or require Seritage to violate any agreement in the future.

There is no question the property conveyed in the sale/leaseback transaction is subject to the recorded Declaration. Any actions by Seritage to recapture space in the Sears store adjacent to the Mall at Sears, and reconfigure and re-lease such space, would have to be taken in conformance with the Declaration. All the plaintiff does is speculate that Seritage might exercise its recapture rights in a way that would violate the Declaration. Such speculation is patently insufficient to form the basis for a sustainable claim.

Dismissal is required under Fed. R. Civ. P. 12(b)(6) where "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In other words, where the allegations of the complaint itself demonstrate that plaintiff does not have a claim,

Motion to Dismiss  Page 5 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 5 of 8

dismissal under Rule 12(b)(6) is warranted. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1478 (9th Cir. 1989). In evaluating whether a complaint is sufficient under Rule 12(b)(6), "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001). Without any allegation of an existing violation of the Declaration or any other agreement, the Complaint lacks any set of facts on which a sustainable complaint can be based.

2. <u>Plaintiff incorrectly bases its speculation on allegations Sears violated the Declaration on a previous occasion.</u>

Plaintiff claims that Sears, in subleasing space in its store to Nordstrom Rack or improvements, violated the Declaration. Sears' position is that the lease and improvements were in conformance with the Declaration, as amended. However, the allegation is totally a red herring and irrelevant to the claims in the complaint. Whether the loading dock added by Sears for the Nordstrom Rack improvements violated the declaration or not, it would be complete speculation and an "unwarranted inference" to conclude that conduct by Sears would somehow inevitably predict what Seritage would do under the sale-leaseback arrangement. *Id* at 923.

The plaintiff's allegations that Sears previously violated the Declaration is therefore completely irrelevant, and a determination of this fact is not necessary to show that the plaintiff's complaint fails to state a claim.

Motion to Dismiss  Page 6 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 6 of 8

### 3. The Complaint fails to identify what standing the Plaintiff has to bring the Complaint.

The Third Amendment to the Lease (Exhibit E to the Complaint), between Sears and ASC, identifies ASC as the successor lessee under the Lease. The plaintiff has identified itself as the successor in interest to Carr Gottstein Properties, an Alaska general partnership, the successor in interest to Carr's Food Center, Inc., an Alaska corporation, and J.B. Gottstein and Company Incorporated, an Alaska corporation. Complaint, ¶ 11. Carr's Food Center, Inc. and J.B. Gottstein and Company Incorporated were the initial parties to the Declaration and the Lease. Plaintiff has not identified itself as a successor in interest to ASC, or indicated any other manner in which it has succeeded to the interests of ASC under the Lease.

Even accepting the allegations of the Complaint as true, for purposes of this motion, the Complaint alleges no facts which would give plaintiff standing to bring the claims it has alleged in the Complaint. It appears, from the communications between the parties, that plaintiff may be the managing member of ASC. Whether or not this is true, ASC appears on the face of the documents provided by the plaintiff to be the real party in interest.

## IV. CONCLUSION

Because the claims in the plaintiff's complaint are based entirely on speculation about the possible future actions of Seritage, the complaint fails to state a claim upon which relief may be granted. Furthermore, the plaintiff's allegations that Sears

Motion to Dismiss Page 7 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
Case 3:15-cv-00100-RRB   Document 8   Filed 07/27/15   Page 7 of 8

previously violated the Declaration are irrelevant. Defendants therefore ask that the Complaint be dismissed with prejudice. The Defendants further request that the Court require the plaintiff under Rule 17(a)(3) to document how it is the real party in interest, or to join or substitute ASC as the plaintiff, so that the plaintiff, in whatever corporate form it chooses to portray itself, is precluded from bringing the same claims in a future action.

DATED this 27th day of July, 2015.

    DAVIS WRIGHT TREMAINE LLP
    Attorneys for Seritage Growth Properties, L.P.
    Seritage Growth Properties, Sears, Roebuck &
    Co., and Sears Holding Corporation

By: /s/ Joseph L. Reece
    Joseph L. Reece ABA# 8111123
    188 West Northern Lights Blvd. Ste. 1100
    Anchorage, AK 99503-3985
    Phone: (907) 257-5300
    Fax: (907) 257-5399
    josephreece@dwt.com

CERTIFICATE OF SERVICE
I certify that on July 27th, 2015, a true and correct copy of this
document was filed with the Court via ECF/CMS, that to the best
of counsel's knowledge the attorneys for the plaintiffs are registered
with ECF, and that as an additional safeguard a copy was emailed
to the following persons:

Jeffrey M. Feldman
Sara A. Kelly
Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Jeff@summitlaw.com
sarak@summitlaw.com

By: /s/Debra Anderson
Legal Assistant to Joseph Reece

Motion to Dismiss      Page 8 of 8
*Carr Gottstein Properties L.P. v. Seritage Growth Properties, L.P., Case No. 3:15-cv-000100-RBB*
DWT 27457614v1 0018955-000006

Case 3:15-cv-00100-RRB Document 8 Filed 07/27/15 Page 8 of 8