# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARR GOTTSTEIN PROPERTIES, L.P., an Alaska limited partnership<br><br>Plaintiff,<br><br>v.<br><br>SERITAGE GROWTH PROPERTIES, L.P., a Delaware limited partnership, SERITAGE GROWTH PROPERTIES, a Maryland investment trust, SEARS, ROEBUCK and CO., a New York corporation, and SEARS HOLDING CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 3:15-cv-00100 RRB<br><br>**\*\*\* AMENDED \*\*\***<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AT DOCKET 8** |

## I.  INTRODUCTION

This suit before the Court is a declaratory judgment action to determine the rights of the parties to a commercial lease. Defendants Sears, Roebuck and Co. ("Sears"), Sears Holding Corporation, Seritage Growth Properties , L.P., and Seritage Growth Properties (the Seritage entities collectively "Seritage"), filed a Motion to Dismiss at Docket 8. Plaintiff Carr-Gottstein Properties, L.P. ("CGP") filed an opposition to the motion at Docket 13, to which Defendants replied at Docket 15. Plaintiff has also moved for a hearing at Docket 16.

## II. BACKGROUND

The property at issue in this matter is known as The Mall at Sears ("the Mall"). The Mall is designed with a Sears store as an anchor on the east side of the shopping center, a Safeway store as an anchor on the west side, and an enclosed mall with a number of smaller establishments between the two. The real property was originally leased by Sears to developers for development of the Mall in 1966.[1] The plans for the development and improvement of the Mall were memorialized in the Declaration and Establishment of Restrictions and Covenants Affecting Land ("the Declaration").[2] The Declaration applies to the entire parcel that comprises the Mall and sets forth the parties' agreement for the development, use, and maintenance of common areas. Not only does the Declaration define common areas, but it also makes provisions for protecting these and establishes non-exclusive easement for incidental uses of them as well.[3]

On October 30, 2013, Sears sent correspondence to CGP seeking further amendment of the Declaration that would allow for Sears to sublease portions of its store premises for use by other retail outlets, such as the Nordstrom Rack.[4] CGP declined to allow such an amendment or any actions that would affect the common areas in violation of the Declaration.[5] Despite a lack of agreement between the parties, Sears proceeded with the Nordstrom Rack expansion.[6]

On April 1, 2015, Sears Holdings Corporation ("SHC"), announced plans to sell several of its properties to Seritage, a real estate investment trust formed by SHC.[7] SHC would in turn enter into a master lease agreement, granting the ability to lease some of the properties back from

---

[1] Docket 13 at 4.
[2] *Id*. at 5.
[3] *Id*. at 5-7.
[4] *Id*. at 10.
[5] *Id*. at 11.
[6] *Id*.
[7] *Id*. at 4.

Seritage and continue to operate its retail stores in those locations.[8] Additionally, Sears' plan contemplates that Seritage would subdivide some of the acquired Sears' store spaces and sublease it to other, smaller tenants.[9]

CGP asserts that the terms of the master lease violate the Declaration by eliminating the existing connection between the Sears store space and the existing mall, allowing conversion of common area protected by the Declaration into commercial use, allowing changes to exterior building surfaces, parking and common areas, and allowing uses other than those specified in the Declaration.[10] In other words, CGP asserts that the master lease improperly gives Seritage the perceived right to violate the Declaration by subleasing the Sears space, exactly as Sears allegedly did in recently creating the Nordstrom Rack space. CGP filed the present suit seeking declaratory judgment and injunctive relief requiring Sears to obtain CGP's consent and amendment to the Declaration before entering into the agreement with Seritage.

### III. STANDARD OF REVIEW

The Declaratory Judgment Act provides that "[i]n an actual case or controversy within its jurisdiction . . . any Court of the United States . . . may declare the rights and other legal relations of any interested party facing such declaration."[11] As such, "the Declaratory Judgment Act requires an actual case or controversy between the parties before a federal court can constitutionally assume jurisdiction."[12] The phrase "actual case or controversy" as used in the Act "refers to the same

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at 12.
[11] 28 U.S.C. § 2201(a).
[12] *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (1987) (*citing Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41, 57 S. Ct. 461 (1937)).

'Cases' and 'Controversies' that are justiciable under Article III" of the Constitution, and the Court's jurisdiction is likewise constrained by the doctrines of standing and ripeness.[13]

In the context of a declaratory judgment suit, whether the matter is constitutionally ripe "depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[14] If a claim is not ripe for review, the federal courts lack subject matter jurisdiction and must dismiss the claim.[15]

## IV. DISCUSSION

CGP's complaint and response to the motion to dismiss characterizes a future violation of the Declaration by Seritage as an almost certainty. However, Sears and Seritage have not disputed the validity of the Declaration, clearly stating that "[t]here is no question the property conveyed in the sale/leaseback transaction is subject to the recorded Declaration."[16] Sears and Seritage also acknowledge that "[a]ny action by Seritage to recapture space in the Sears store . . . and reconfigure and re-lease such space, would have to be taken in conformance with the Declaration."[17] CGP has not refuted the applicability of the Declaration to Seritage, nor identified specific plans by Seritage to violate the Declaration. While CGP would like the master lease to reiterate the obligations of the Declaration, they have provided no support that such an inclusion is required. Neither has CGP

---

[13] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007).

[14] *Montana Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014) (*quoting United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003)).

[15] *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 621 (9th Cir. 1992) (*citing Southern Pac. Transp. Co. v. Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 502 U.S. 943, 112 S. Ct. 382 (1991)).

[16] Docket 8 at 5.

[17] *Id*.

pointed to any facts that indicate specific actions or plans by Seritage that would violate the Declaration beyond a single previous alleged violation by Sears.

Where the supposed injury has not materialized and may never materialize, the dispute is more an abstraction than an actual case.[18] Moreover, the Ninth Circuit has found it necessary to dismiss claims that are based solely on harms stemming from events that have not yet occurred, and may never occur, "because the plaintiffs raising such claims have not suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry."[19] Although a violation of the Declaration would not be an unprecedented occurrence at the Mall, that does not establish sufficient immediacy and reality to warrant the issuance of a declaratory judgment without further factual support. Because CGP has not alleged any facts to support its conclusory allegations, CGP has failed to demonstrate a substantial controversy of sufficient immediacy between the parties and this matter must therefore be dismissed.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss at **Docket 8** is **GRANTED**. Plaintiff's Request for Oral Argument at **Docket 16** is therefore **DENIED** as moot.

**IT IS SO ORDERED** this 15th day of December, 2015.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[18] *Montana Envtl. Info. Ctr.*, 766 F.3d at 1190.
[19] *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012).